IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LEININ MARIN GUACHE and DANNY
MARIN GARCIA,

        *Petitioner*,

      v.

WARDEN LEONARD ODDO, *et al*,

        *Respondents*.

Civil Action No. 3:26-cv-459

Hon. William S. Stickman IV

**MEMORANDUM ORDER**

Pending before the Court is Petitioners' Petition for Writ of Habeas Corpus (ECF No. 1) and Motion for Temporary Restraining Order (ECF No. 4). Petitioners, are citizens of Venezuela and are currently detained at Moshannon Valley Processing Center. Both entered the United States illegally in May, 2023. They were apprehended, then released into the United States. They were rearrested and have been in ICE custody since November 5, 2025. Both had previously been granted temporary protected status ("TPS") through April 2, 2025. For both an immigration judge has issued an order for removal to Ecuador pursuant to an Asylum Cooperative Agreement. Both Petitioners have appealed their removal order and those appeals remain pending. Their Petition and Motion for Temporary Restraining Order seek release from custody based on the argument that they have TPS, which bars their detention. The Court is compelled to deny their Petition and Motion to the extent that it seeks release based on TPS status. It will, however, grant the Petition insofar as they shall be afforded an individualized bond determination under 8 U.S.C. § 1226.

A threshold consideration for a temporary restraining order is likelihood of success on the merits.  The Court holds that it cannot afford relief to the extent that it challenges any factors relating to the removal order issued by the IJ in their cases—orders which remain on appeal. Under 8 USC §§ 1252(a)(5) and (b)(9), district courts lack jurisdiction to review most claims relating to removal because judicial review of a final order of removal is available only through a petition for review in one of the circuit courts of appeal. Courts, including the Third Circuit, have interpreted the jurisdictional bar to review of issues relating to removability broadly. See *Khalil v. President  of the United States*, Nos. 25-2162 & 25-2357 (3d. Cir. Jan. 15, 2026).  Thus, the Court holds that it lacks jurisdiction to upend Petitioners' orders of removal.  Any such relief must come from the appropriate appellate channels.  In addition, to the extent that Petitioners rely on the decision of the Northern District of California in *Nat'l TPS All v. Noem,* 25-cv-1766-EMC (N.D. Cal.), for the proposition that former Secretary Noem's decision to reverse her predecessor's extension of TPS status for citizens of Venezuela, that Court's decision has been stayed by the Supreme Court.

Moving on to the question of whether Petitioners are entitled to an individualized bond hearing, they assert that they are subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) and not mandatory detention under § 1225(b)(2) and, therefore, are entitled to a bond hearing.  The Court agrees.  Section 1226 applies to aliens who are "already present in the United States[,]" *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), while the mandatory detention provision of § 1225 governs detention of "applicants for admission" to the United States. *Bethancourt Soto v. Soto*, No. 25-CV-16200, 2025 WL 2976572, at *2 (D.N.J. Oct. 22, 2025).  The Court joins the overwhelming majority of district courts in holding that § 1226(a), rather than the mandatory detention provision of § 1225(b), applies to aliens similarly situated to

Petitioners, who are not seeking admission at a port of entry but rather are already present in the country. The Court disagrees with the decisions of the United States Court of Appeals for the Fifth Circuit in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) and the Eighth Circuit in *Avila v. Bondi*, -- F.4th --, 2026 WL 819258 (8th Cir. March 25, 2026). Petitioners' detention is governed by § 1226(a) and the Court holds that they have a statutory right to an individualized bond hearing.

AND NOW, this 2nd day of April 2026, IT IS HEREBY ORDERED that Petitioners' Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED IN PART and DENIED IN PART. It is GRANTED in that within ten (10) days of this Order, Petitioners must receive individualized bond hearings before a neutral immigration judge pursuant to 8 U.S.C. § 1226. Within seven (7) days thereafter, the parties shall provide notice to the Court of the outcome of the bond hearing. IT IS FURTHER ORDERED that the petition is DENIED to the extent it requests any additional relief. Further, for the reasons set forth above, the Motion for Temporary Restraining Order (ECF No. 4) is DENIED.

BY THE COURT:

*/s/William S. Stickman IV*
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE